# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Inmate No. 893844, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2082-TWT-CCH |
| DENNIS BROWN, | : | |
|     Respondent. | : | |

| | | |
|---|---|---|
| WILLIAM JAMES TERRELL, JR., | : | |
| Inmate No. 893844, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2094-TWT-CCH |
| DENNIS BROWN, | : | |
|     Respondent. | : | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

AO 72A
(Rev.8/82)

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within ten (10) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 30th day of June, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Inmate No. 893844, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2082-TWT-CCH |
| DENNIS BROWN, | : | |
|     Respondent. | : | |

| | | |
|---|---|---|
| WILLIAM JAMES TERRELL, JR., | : | |
| Inmate No. 893844, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2094-TWT-CCH |
| DENNIS BROWN, | : | |
|     Respondent. | : | |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Both of the above-styled habeas corpus petitions were transferred in from the Southern District of Georgia. In both cases, Petitioner attempts to challenge the constitutionality of his December 10, 2009, Fulton County convictions and sentences. Because of the similarity between both of the above-referenced actions, this Court now finds that it would "avoid unnecessary cost and delay" to

consolidate them pursuant to Federal Rule of Civil Procedure 42(a). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*." Miller v. United States Postal Service, 729 F.2d 1033, 1036 (5th Cir. 1984). The consolidated action is now before the Court pursuant to Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts.[1]

I.   Discussion

This Court takes judicial notice that in *Terrell v. Danforth*, Civil Action No. 1:10-CV-3021-TWT-CCH, Petitioner challenged the same December 10, 2009, Fulton County convictions that he challenges in this petition. *Id.* On June 16, 2011, the undersigned entered a report and recommendation, which recommended that the petition be dismissed for Petitioner's failure to exhaust his state remedies. *Id.* at Docket Entry No. 45. Specifically, Petitioner had a motion for new trial pending in the state court, and, therefore, review of the petition would create parallel state and federal proceedings, thereby offending the notion of comity

---

[1] Rule 4 requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.] . . ."

2

which underlies the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982).

Petitioner indicates that the motion for new trial is still pending in the state court. As such, the instant petition for a writ of habeas corpus should be dismissed without prejudice as premature and/or for lack of exhaustion.

II. Conclusion

Based on the foregoing, it is **RECOMMENDED** that *Terrell v. Brown*, Civil Action No. 1:11-CV-2094-TWT-CCH be consolidated into *Terrell v. Brown*, Civil Action No. 1:11-CV-2082-TWT-CCH, and that this action be **DISMISSED** without prejudice for lack of exhaustion.

**IT IS ORDERED** that Petitioner is granted *in forma pauperis* status for the purpose of dismissal.

III. Certificate of Appealability "COA"

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this

3

standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that the petition is premature and/or that Petitioner has failed to exhaust state court remedies. Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 30th day of June, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)